NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

DEC 9 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MERCEDES DE LOS ANGELES VELA
FLORES; JOSE RONALDO
HERNANDEZ VELA,

        Petitioners,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No. 23-2069

Agency Nos.
A201-530-855
A201-530-854

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2024**
San Francisco, California

Before: S.R. THOMAS, WARDLAW, and COLLINS, Circuit Judges.

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously voted to grant Petitioners' motion to submit the case on the briefs, without oral argument. *See* Fed. R. App. P. 34(a)(1).

Mercedes De Los Angeles Vela Flores ("Vela") and her son, Jose Ronaldo Hernandez Vela,[1] natives and citizens of El Salvador, petition for review of a decision of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Where, as here, the BIA cites [*Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994)] and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011). We review the IJ's and BIA's factual findings for substantial evidence. *Id.* at 1028–29. We accept their findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Garland v. Ming Dai*, 593 U.S. 357, 365 (2021).

1.     To qualify for asylum and withholding from removal, a petitioner must demonstrate that the petitioner has been persecuted or has a well-founded fear of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 1208.16(b)(2). Substantial evidence supports the agency's determination that Vela failed to show that her proposed particular social groups were cognizable.

---

[1] Jose Ronaldo Hernandez Vela's petition is derivative of his mother's.

*See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1180 (9th Cir. 2021). Vela put forth three proposed social groups: (1) single mothers whose children are targeted for abduction in El Salvador; (2) single mothers and women who are seen as second-class citizens and unable to avail themselves of the legal system or have the same socioeconomic standards as men in El Salvador; and (3) children who are targeted for a wide variety of deprivation of life and liberty in El Salvador because of the government's incapacity or unwillingness to protect its citizens. However, Vela failed to adduce sufficient evidence that these groups are "socially distinct within the society in question," as she must demonstrate. *Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (internal quotation marks and citation omitted). "[S]ocial distinction requires 'evidence showing that society in general perceives, considers, or recognizes persons sharing the particular characteristic to be a group.'" *Villegas Sanchez*, 990 F.3d at 1180–81 (citation omitted). Vela's country reports do not address how Salvadoran society perceives her proposed social groups, nor does she show how her proposed social groups are socially distinct. *See id.* 1181–82 (holding that "generalized statistics" and general statements "do not compel a finding that these proposed groups are socially distinct").

2.      Substantial evidence also supports the agency's determination that Vela failed to demonstrate a well-founded fear of future persecution. *See* 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 1208.16(b)(2). Neither Vela nor her son had been

3                                                                      23-2069

threatened or harmed in the past, and Vela's general contention that the government of El Salvador is unable or unwilling to protect women and children from violence does not compel the conclusion that she would face persecution in the future. Vela's credible testimony, which recounts several incidents of women and children being abducted, and the country reports, noting incidents of violence against women and children, at most demonstrate general civil strife or widespread random violence to which all members of the public are subject. *See, e.g.*, *Lolong v. Gonzales*, 484 F.3d 1173, 1179 (9th Cir. 2007) (en banc) ("[A] general, undifferentiated claim of [anti-Chinese or anti-Christian violence in Indonesia] does not render an alien eligible for asylum.").

3.      Vela does not challenge the agency's determination that she failed to demonstrate that she could not reasonably and safely relocate within El Salvador to avoid future harm. *See* 8 C.F.R. § 1208.13(b)(2)(ii), (b)(3)(i). Vela waived this issue by failing to clearly articulate it in her opening brief. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (applicant waived issue not raised in opening brief).[2]

4.      Substantial evidence also supports the agency's determination that Vela failed to meet her burden to qualify for protection under CAT. At a

---

[2] Because Vela cannot demonstrate prima facie eligibility for asylum, petitioners cannot meet the more stringent standard for withholding of removal. *See, e.g.*, *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

minimum, Vela was required to show that she would be subjected to "severe pain or suffering . . . inflicted by or at the instigation of or with the consent or acquiescence of a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). "[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence [to torture]." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). Vela contends that laws aimed at protecting women and children remain unenforced in El Salvador. However, the record supports the agency's finding that the Salvadoran government actively combats gang violence. *See Del Cid Marroquin v. Lynch*, 823 F.3d 933, 937 (9th Cir. 2016) ("Salvadoran law prohibits extrajudicial killings and violence, and there is substantial evidence that the government enforces those laws—albeit imperfectly—against both gang members and rogue police officers.").

**PETITION FOR REVIEW DENIED.**